UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES, ET AL. | CIVIL ACTION |
| VERSUS | NO: 07-5746 |
| STATE FARM FIRE AND CASUALTY CO. | SECTION: R(5) |

**ORDER AND REASONS**

Before the Court are defendant State Farm Fire and Casualty Company's unopposed partial motions for summary judgment under Fed. R. Civ. P. 56. For the following reasons, defendant's motions are GRANTED in part.

**I.   Background**

Plaintiffs, Clifton James and Maxine Summer-James, hold flood and homeowner's policies issued by defendant. Plaintiffs' flood insurance policy has coverage limits of $102,100.00 for dwelling and $56,400.00 for contents. Plaintiffs' homeowner's policy has limits of $103,200.00 for dwelling, $32,000.00 for dwelling extensions and $77,400.00 for contents.

Plaintiffs' New Orleans home was damaged in Hurricane Katrina. According to plaintiff's "[t]he destruction of the property was caused by a combination of events including wind, rain, wind driven rain and flooding. The damage was such that the property and contents were a total loss." Plaintiffs filed a claim with State Farm, and State Farm paid out the dwelling and contents limits under plaintiff's flood policy. State Farm also paid out $42,218.11 for structure, $2,100.00 for contents and $10,393.46 for living expenses under plaintiffs' homeowner's policy. Plaintiff brought this suit against State Farm seeking additional payments under their homeowner's policy, among other things.

## II. Legal Standard

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249

(1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1996).

**III. Motion for Partial Summary Judgment Limiting Damages**

In defendant's first motion for partial summary judgment, defendant asks the Court to limit plaintiffs' damages. *First*, State Farm argues that plaintiffs should be estopped from arguing that their home suffered a total loss due to wind, because plaintiffs have accepted flood payments. *Second*, defendant argues that Louisiana's Valued Policy Law is not applicable here. *Third*, State Farm argues that plaintiffs are entitled to recover only previously uncompensated losses that are covered by their

3

homeowner's policy "*and which combined with* [plaintiffs'] *flood proceeds do not exceed the value of* [their] property." (R. Doc. 25-2 at 4)(citing *Esposito v. Allstate Ins. Co.*, No. 06-1837, 2007 WL 1125761 (E.D.La. 4/16/07)(relying on *Weiss v. Allstate Ins. Co.*, No. 06-3774, 2007 WL 891869 (E.D.La. 3/21/2007))(emphasis in original).

Plaintiffs' complaint asserts that their home was damaged by "a combination of events including wind, rain, wind driven rain and flooding." It does not say that their home was rendered a total loss by wind alone, and plaintiffs are not estopped from claiming that wind caused further damage to their home if they can show it. *See Lambert v. State Farm Fire and Cas. Co.*, 568 F.Supp.2d 698, 703-704 (E.D.La. 2008); *Broussard v. State Farm Fire and Cas. Co.*, No. 06-8084, 2007 WL 2264535, at *4 (E.D.La. 8/2/07); *Wellmeyer v. Allstate Ins. Co.*, No. 06-1585, 2007 WL 1235042, at *2 (E.D.La. 4/26/07). Further, plaintiffs have not brought a claim under the Louisiana VPL, so the Court does not address its applicability. Defendant is correct, however, that plaintiffs may recover at trial only for losses that have not been compensated yet. Plaintiffs can recover under their homeowner's policy for covered losses only up to the value of their home, and only for losses not already compensated under their flood policy. *Esposito*, 2007 WL 1125761; *Weiss v. Allstate*

*Ins. Co.,* 2007 WL 891869.

**IV. Motion for Partial Summary Judgment on Plaintiffs' Contents Claim**

Plaintiff's second motion asks the Court to declare that plaintiffs (1) can recover only for wind damage under their homeowner's policy, (2) have the burden to show that wind damaged both their dwelling and contents, and (3) cannot meet their burden to show contents damage caused by wind. Because plaintiffs have not shown a genuine issue of fact on their contents claim, summary judgment is appropriate on that basis. The Court therefore declines to address defendant's first and second arguments.

An insured has the initial burden to show that their contents were damaged by a covered risk. *See Dickerson v. Lexington Ins. Co.*, No. 07-30868, 2008 WL 5295389 (5th Cir. 12/22/08). State Farm meets its burden on summary judgment by showing that no evidence in the record supports plaintiffs' claim for additional contents damages caused by "wind, rain or wind driven rain," rather than flood. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. Plaintiffs must refer to evidence that sets out specific facts showing that a genuine issue exists to defeat summary judgment. *See Celotex*, 477 U.S. at 324. They may not rely on the pleadings alone. *See id.* at

5

325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1996). Plaintiffs have failed to offer any response to defendant's motion.[1] They have not shown specific facts creating a genuine issue of fact on this record and State Farm is entitled to summary judgment that plaintiffs cannot recover further for contents under their homeowner's policy.

**V. Conclusion**

For the reasons stated above, defendant's motions for partial summary judgment are GRANTED in part.

New Orleans, Louisiana, this 29th day of December, 2008.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that it has previously requested plaintiffs' counsel to respond to defendant's motion and given adequate time to respond. Plaintiff's counsel has declined the Court's request and the Court treats defendant's motion as unopposed.